IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-313-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DARNELL BLACK | ) | |

This cause comes before the Court on defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c). Defendant pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute more than fifty grams of cocaine base (crack) in violation of 21 U.S.C. § 846 and was sentenced on January 23, 2007, to 120 months' imprisonment. Defendant's advisory guideline range was 120 to 121 months' imprisonment, and because his offense involved more than fifty grams of crack, defendant was subject to a mandatory minimum sentence of 120 months. 21 U.S.C. § 841(b).

Defendant now seeks a reduction of his sentence based on the Fair Sentencing Act of 2010 (FSA), section 1B1.10(c) of the U.S. Sentencing Guidelines, and the retroactive Fair Sentencing Act guideline amendments. Congress enacted the FSA to reduce the crack-to-powder disparity present in the pre-FSA sentencing statutes by increasing the amount of drugs that would trigger the mandatory minimums for crack offenses. *See United States v. Dorsey*, 132 S. Ct. 2321, 2326 - 2329 (2012). Congress further directed the Sentencing Commission to conform the sentencing guidelines to the FSA's new mandatory minimums. Those guidelines amendments were made retroactive to defendants who were sentenced prior to the FSA, 76 Fed. Reg. 41332-01, and 18 U.S.C. § 3582(c)(2) permits a court to modify a defendant's sentence if the applicable

FSA guideline range is lower than the guideline range applicable at the defendant's sentencing.

The Fourth Circuit, like most others, has held that the FSA mandatory minimums do not apply retroactively. *United States v. Bullard*, 645 F.3d 237, 248 (4th Cir. 2011) (listing cases). Following those decisions and answering the question of whether any pre-Act offenders might receive the benefit of the FSA, the Supreme Court in *Dorsey* held that the FSA mandatory minimums *would* apply to offenders who committed a crack crime before the passage of the FSA, August 3, 2010, but were sentenced after that date. *Id.* at 2326. The Supreme Court examined six considerations that, when taken together, convinced it that Congress intended the FSA's more lenient penalties to apply to those defendants whose crimes preceded the FSA but who were sentenced after it was enacted.

Application of the retroactive FSA guidelines to this matter results in a new guideline range of fifty-one to sixty-three months, but defendant still faces a pre-FSA mandatory minimum of 120 months' imprisonment. Accordingly, defendant asks the Court to apply the FSA mandatory minimums and reduce his sentence to sixty months, arguing that, though this particular issue was not before the Supreme Court in *Dorsey*, it follows directly from *Dorsey's* reasoning that defendants seeking application of the retroactive FSA guidelines under § 3582(c) should also receive the benefit of the FSA's mandatory minimums, regardless of when they were sentenced.

Though the Fourth Circuit has not expressed a published opinion on this issue, at least two panels have held that *Dorsey* does not alter earlier circuit precedent that the FSA mandatory minimums do not apply to defendants who were sentenced prior to August 3, 2010, thus foreclosing relief for defendants seeking application of lower mandatory minimums under

2

§ 3582(c). *See United States v. Copeland*, No. 12-8027, 2013 WL 239092 (4th Cir. January 23, 2013) ("Because Copeland was sentenced prior to the FSA's effective date, *Dorsey* had no effect on Copeland's mandatory minimum sentence, and the district court properly concluded that he was not entitled to a sentence reduction on this basis."); *United States v. McDowell*, No. 12-7570, 2012 WL 6554870 (4th Cir. December 17, 2012) (on a § 3582 motion, FSA does not apply as defendant was sentenced before the effective date of the Act). Other courts of appeals have reached similar conclusions. *See, e.g. United States v. Berry*, 701 F.3d 374, 378 (11th Cir. 2012); *United States v. Robinson* 697 F.3d 443, 445 (10th Cir. 2012).

In light of the foregoing, the Court holds that because defendant was sentenced before the enactment of the FSA, he cannot receive the benefit of the FSA's lower mandatory minimums when seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c). In the absence of binding precedent on the issue, however, the Court encourages defendant to present this matter to the court of appeals so that it might have an opportunity to consider his arguments.

## CONCLUSION

Defendant's motion for reduction of sentence [DE 37] is therefore DENIED.

SO ORDERED, this 5 day of February, 2013.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:05-cr-00313-BO   Document 41   Filed 02/08/13   Page 3 of 3